**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **FORBA HOLDINGS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No:** |
| | ) | |
| **ZURICH AMERICAN INSURANCE CO.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Comes now, Plaintiff, FORBA Holdings, LLC ("FORBA") and, for its Complaint against Defendant, alleges and avers as follows:

### Preliminary Statement

1. The Defendant in this case, Zurich American Insurance Company ("Zurich"), is a large liability insurance company that collected substantial premiums in exchange for a contractual commitment to provide broad insurance coverage protecting FORBA and other insureds against losses arising from third-party claims based upon alleged wrongful acts. This action arises from Zurich's refusal to honor the promises in its insurance policies wherein it agreed to cover FORBA for costs and losses arising from the defense and settlement of governmental investigations into alleged wrongful acts. The investigations raised claims squarely within the Zurich insurance policies covering FORBA and other insureds, and no exclusion in the policies applies to bar or limit coverage. Zurich's wrongful refusal to reimburse FORBA for defense costs and

settlement payments incurred in connection with the investigations has forced FORBA to file this action for breach of contract and declaratory judgment.

## Parties

2.     Plaintiff FORBA, a wholly owned subsidiary of Small Smiles Holding Company, LLC ("SSHC"), is a limited liability company organized under the laws of the State of Delaware and having its principal place of business at 618 Church Street, Suite 520, Nashville, Tennessee 37219.  FORBA and its officers and directors are insureds under the Zurich policies at issue in this case.  In September 2006, FORBA acquired the assets of a dental management business, including 50 management services agreements with dental centers across the country (the "Small Smiles Dental Centers").

3.     Defendant Zurich, upon information and belief, is a corporation organized under the laws of the State of New York, with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196.    Zurich is a liability insurance company engaged in the business of selling insurance contracts covering commercial entities such as Plaintiff in the State of Tennessee and elsewhere.

## Jurisdiction and Venue

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.  More particularly, Plaintiff is a citizen of Tennessee and Delaware, and Defendant, upon information and belief, is not a citizen of Tennessee or Delaware.

5.     This Court has personal jurisdiction over Zurich pursuant to Tennessee Code Annotated section 20-2-201 because Zurich, upon information and belief, conducts

business in the State of Tennessee and within this district, including the business of entering into insurance contracts with Tennessee corporations, and the cause of action arises in Tennessee.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391 (a) and 1391(c).

## FACTUAL ALLEGATIONS

7.      Plaintiff incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 – 6 above.

### The Federal and State Investigations

8.      In November 2007, FORBA and certain Small Smiles Dental Centers that it manages became the subject of a series of negative media reports, including a segment on Good Morning America.

9.      Shortly thereafter, FORBA and certain Small Smiles Dental Centers received a series of claims, in the form of subpoenas, civil investigative demands, and other formal process, related to investigations initiated by the Office of the Inspector General, U.S. Department of Health and Human Services ("OIG-HHS"), the United States Department of Justice, and various State Attorneys General and State Boards of Dental Examiners.

10.      The governmental investigations focused on allegations that FORBA, certain Small Smiles Dental Centers, and certain individuals committed wrongful acts in connection with claims for dental services submitted for payment to Medicaid and the State Children's Health Insurance Program.  The allegations under investigation included whether FORBA engaged in the following wrongful conduct beginning in September 2006:

(a)     "causing claims to be submitted by the Centers for reimbursement for performing pulpotomies that were not medically necessary and/or were performed in a manner that did not meet professionally recognized standards of care;"

(b)     "causing claims to be submitted by the Centers for reimbursement for placing crowns that were not medically necessary and/or were performed in a manner that did not meet professionally recognized standards of care;"

(c)     "causing claims to be submitted by the Centers for reimbursement for the administration of anesthesia (including, without limitation, nitrous oxide) that was not medically necessary, that was performed in a manner that did not meet professionally recognized standards of care, and/or was administered by an unlicensed, non-certified, or otherwise unauthorized individual;"

(d)     "causing claims to be submitted by the Centers for reimbursement for extractions that were not medically necessary and/or were performed in a manner that did not meet professionally recognized standards of care;"

(e)     "causing the Centers to fail to obtain informed consent for certain dental procedures and services;"

(f)     "causing claims to be submitted by the Centers for reimbursement for fillings that were not medically necessary and/or were performed in a manner that did not meet professionally recognized standards of care;"

(g)     "causing claims to be submitted by the Centers for reimbursement for sealants that were not medically necessary and/or were performed in a manner that did not meet professionally recognized standards of care;"

(h)     "causing claims to be submitted by the Centers for reimbursement for radiographs (i.e., x-rays) that were not medically necessary, were performed in a manner that did not meet professionally recognized standards of care, and/or were administered by an unlicensed, non-certified, or otherwise unauthorized individual;" and

(i)     "causing claims to be submitted by the Centers for reimbursement for behavior management techniques, including without limitation those techniques involving a papoose board, that were not medically necessary and/or were performed in a manner that did not meet professionally recognized standards of care."

11.     FORBA denied the allegations, and FORBA incurred substantial costs in defending against the government investigations.

12.     On January 15, 2010, FORBA signed a settlement agreement with the United States Department of Justice and OIG-HHS whereby FORBA agreed to make a structured settlement payment of $14,285,644.75 (plus interest) to the United States, in exchange for a release of claims against it, its current officers and directors, its parents, subsidiaries, and affiliates, and the Small Smiles Dental Centers arising from the alleged wrongful conduct.  FORBA also agreed to pay attorneys' fees in the aggregate amount of $182,183.52 to three relators that filed *qui tam* actions alleging wrongful acts on the part of FORBA, as well as other defendants.  Given, among other things, the number of submitted claims potentially at issue and the continued costs and disruption of the investigations, the amount of the settlement was reasonable.

13.     Pursuant to settlement agreements with each of the states and the District of Columbia, FORBA agreed to pay the aggregate amount of $9,714,355.25 (plus interest) to Alabama, Arizona, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Indiana, Kansas, Kentucky, Maryland, Massachusetts, Nebraska, Nevada, New Hampshire, New Mexico, New York, Ohio, Ohio, Oklahoma, Pennsylvania, South Carolina, Texas, and Virginia in exchange for a release of claims against it, its current officers and directors, its parents, subsidiaries, and affiliates, and the Small Smiles Dental Centers arising from the alleged wrongful conduct.  Given, among other things, the number of submitted claims potentially at issue and the continued costs and disruption of the investigations, the amount of the settlement payments to the Medicaid Participating States was reasonable.

## The Insurance Policies Covering Plaintiff

14.     Zurich sold to SSHC a "Private Solutions-Enhanced" insurance policy covering SSHC, FORBA, the Small Smiles Dental Centers, and other insureds bearing policy number 9140750-00 and having a policy period of December 13, 2006 through December 13, 2007 (the "2006-2007 Policy").  The 2006-2007 Policy has an applicable limit of liability of $10,000,000 incepting above a $75,000 self-insured retention.  A true and correct copy of the 2006-2007 Policy is attached to this Complaint as Appendix A.

15.     The 2006-2007 Policy was renewed by Zurich under policy number 9140750-00 for the period December 13, 2007 through December 13, 2008 (the "2007-2008 Policy").  The 2007-2008 Policy also has an applicable limit of liability of $10,000,000 incepting above a $75,000 self-insured retention.  A true and correct copy of

the 2007-2008 Policy is attached to this Complaint as Appendix B. The 2006-2007

Policy and the 2007-2008 Policy will be referred to herein collectively as the "Policies."

16.     The Policies contain a Company Reimbursement Coverage insuring

agreement, which provides as follows:

> The Insurer shall pay on behalf of the Company all Loss for
> which the Company grants indemnification to the Insured
> Persons, as permitted or required by law, and which the
> Insured Persons become legally obligated to pay on account
> of any Claim first made against them, individually or
> otherwise during the Policy Period or, if exercised, during
> the Extended Reporting Period, for a Wrongful Act taking
> place before or during the Policy Period.

17.     The Policies contain a Company Liability Coverage insuring agreement,

which provides, in pertinent part, as follows:

> [T]he Insurer shall pay on behalf of the Company all Loss
> for which the Company becomes legally obligated to pay
> on account of any Claim first made against the Company
> during the Policy Period, or if exercised, during the
> Extended Reporting Period, for a Wrongful Act taking
> place before or during the Policy Period.

18.     The Policies' definition of "Company" includes FORBA and the Small

Smiles Dental Centers.

19.     The Policies define "Loss," in pertinent part, to mean "damages,

judgments, settlements, and Defense Costs," and the Policies define "Claim" as:

> (1)     a written demand for monetary damages or other
> relief;
>
> (2)     a civil proceeding commenced by the service of a
> complaint or similar pleading;
>
> (3)     a criminal proceeding commenced by the return of
> an indictment;

(4) a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document;

against any Insured Person or, with respect to Insuring Agreement C., against the Company for a Wrongful Act, including any appeal therefrom.

20. The Policies also contain numerous other provisions and grants of insurance coverage for the benefit and protection of FORBA and the other insureds, for which Zurich was paid substantial premiums.

### Defendant's Refusal to Honor
### Its Policy Obligations To Plaintiff

21. The subpoenas, civil investigative demands, other formal process, and demands for monetary damages related to the government investigations were Claims within the meaning of the Policies.

22. The first of the Claims, in the form of a subpoena, was served in November 2007, within the policy period of the 2006-2007 Policy, and was timely reported by FORBA to Zurich within 60 days after the end of the policy period of the 2006-2007 Policy.

23. FORBA kept Zurich apprised of material events in the defense of the government investigations and also with respect to settlement discussions and responded fully to Zurich's requests for documents and other information.

24. Zurich has acknowledged to FORBA that the first subpoena was timely reported to Zurich under the 2006-2007 Policy and that -- if subpoenas constitute Claims for purposes of coverage -- then all subsequent subpoenas, civil investigative demands, other formal process, and demands for monetary damages therefore relate back and are

deemed to have been first made within the policy period of the 2006-2007 Policy. Zurich, however, wrongfully has denied that subpoenas constitute Claims.

25.     Zurich instead maintains that the notices of subpoenas, civil investigative demands, other formal process, and other information provided by FORBA to Zurich in February 2008 and thereafter were reports of circumstances that could give rise to a Claim or Claims, within the meaning of Section IV.B.6 of the 2007-2008 Policy. Zurich wrongfully contends that no Claim was made within the meaning of the Policies until the United States Department of Justice sent FORBA a draft settlement dated August 6, 2009 and that, as result, there is no coverage for the defense costs incurred by FORBA prior to August 6, 2009. Based upon its contention that the August 6, 2009 draft settlement was the first Claim made against the insureds, Zurich has advised FORBA that it considers such Claim to relate back to and to have been timely reported under the 2007-2008 Policy.

26.     The defense costs incurred by FORBA and the settlement payments agreed to by FORBA to resolve the government Claims are in amounts that exceed the $75,000 self-insured retentions contained in the Policies.

27.     FORBA properly demanded that Zurich honor the promises made in the Policies and pay for the defense costs incurred by FORBA in connection with the government investigations and the settlement payments agreed to by FORBA to resolve the government investigations.

28.     The Policies are insurance contracts pursuant to which Zurich was paid substantial premiums in exchange for providing broad insurance coverage to FORBA and other insureds for costs and losses arising from the defense and settlement of covered

Claims. Zurich wrongfully has refused to reimburse FORBA under either the 2006-2007 Policy or the 2007-2008 Policy for the defense costs incurred in connection with the government investigations and the settlement payments made and to be made to resolve the government investigations and wrongfully has repudiated its coverage obligations to FORBA.

### COUNT I:     BREACH OF CONTRACT

29.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1-28 above.

30.     Zurich's refusal to pay for the defense costs incurred by FORBA in connection with the government Claims and for settlement payments made and to be made by FORBA to resolve the government Claims constitutes a wrongful repudiation of its coverage obligations under the 2006-2007 Policy and is a breach of the 2006-2007 Policy.

31.     As a result of Zurich's breach of the 2006-2007 Policy, FORBA has sustained and will continue to sustain substantial damages, in an amount to be established at trial, for which Zurich is liable to FORBA.

32.     Alternatively, to the extent that the government Claims relate back to the 2007-2008 Policy, Zurich's refusal to pay for the defense costs incurred by FORBA in connection with the government Claims and for settlement payments made and to be made by FORBA to resolve the government Claims constitutes a wrongful repudiation of its coverage obligations under the 2007-2008 Policy and is a breach of the 2007-2008 Policy.

33.     As a result of Zurich's breach of the 2007-2008 Policy, FORBA has sustained and will continue to sustain substantial damages, in an amount to be established at trial, for which Zurich is liable to FORBA.

## COUNT II:    DECLARATORY JUDGMENT

34.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth above in paragraphs 1-28.

35.     Zurich was paid substantial premiums in exchange for the Policies.  The Policies cover FORBA for losses it has sustained and continues to sustain as a result of the government Claims.  Zurich has wrongfully refused to pay for the defense costs and settlement payments and has otherwise repudiated its coverage obligations to FORBA.

36.     Pursuant to 28 § U.S.C. 2201(a), an actual case or controversy exists regarding Plaintiff's rights and Defendant's obligations under the Policies to pay losses incurred in defense and settlement of the government Claims.

37.     Pursuant to 28 § U.S.C. 2201(a), Plaintiff seeks a declaratory judgment from this Court establishing the following:

(a)     Plaintiff's losses arising from the defense and settlement of the government Claims are insured losses under the 2006-2007 Policy, and Zurich is obligated to pay Plaintiff for the full amount of its defense costs and settlement payments, up to the applicable limit of the 2006-2007 Policy; or

(b)     Alternatively, to the extent that the government Claims relate back to the 2007-2008 Policy, Plaintiff's losses arising from the defense and settlement of the government Claims are insured losses under

the 2007-2008 Policy, and Zurich is obligated to pay Plaintiff for the full amount of its defense costs and settlement payments, up to the applicable limit of the 2007-2008 Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

(1)    Judgment on Count I of the Complaint in favor of Plaintiff and against Defendant as follows:

      (a)    For compensatory damages in an amount sufficient to compensate Plaintiff for all losses sustained as a result of Defendant's breach of the 2006-2007 Policy; or

      (b)    Alternatively, to the extent that the government Claims relate back to the 2007-2008 Policy, for compensatory damages  in an amount sufficient to compensate Plaintiff for all losses sustained as a result of Defendant's breach of the 2007-2008 Policy;

(2)    Judgment on Count II of the Complaint in favor of Plaintiff and against Defendant, declaring as follows:

      (a)    Plaintiff's losses arising from the defense and settlement of the government Claims are insured losses under the 2006-2007 Policy, and Defendant is obligated to pay Plaintiff for the full amount of its defense costs and settlement payments, up to the applicable limit of the 2006-2007 Policy; or

      (b)    Alternatively, to the extent that the government Claims relate back to the 2007-2008 Policy, Plaintiff's losses arising from the defense

and settlement of the government Claims are insured losses under the 2007-2008 Policy, and Defendant is obligated to pay Plaintiff for the full amount of its defense costs and settlement payments, up to the applicable limit of the 2007-2008 Policy;

(3)     Prejudgment interest, to be calculated according to law, to compensate Plaintiff for the loss of use of funds caused by Defendant's wrongful refusal to pay Plaintiff's insured losses;

(4)     All costs incurred in obtaining the relief sought in this Complaint, including attorneys' fees; and

(5)     Such other, further, and additional relief as this Court deems just and appropriate.

Dated  this 28th day of October , 2010      Respectfully submitted,

/s/Emily B. Warth
Robert J. Walker (#2498)
J. Mark Tipps (#11710)
Emily B. Warth (#27607)
Walker, Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 313-6000
bwalker@walkertipps.com
mtipps@walkertipps.com
ewarth@walkertipps.com

*Attorneys for Plaintiff*
*FORBA Holdings, LLC*

**Of Counsel:**

L. Joseph Loveland
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Tel: (404) 572-4600
jloveland@kslaw.com